Stanley R. Apps, Esq. (SBN 309425)
Law Offices of Robert S. Gitmeid, P.C.
11818 Moorpark Street, No. R
Studio City, CA 91604
Tel: (310) 709-3966
Email: stanley.a@gitmeidlaw.com
         stan@appsatlaw.com

*Attorney for Plaintiff Carmelita Estrada*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| Carmelita Estrada,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>Prosper Marketplace, Inc.; Experian Information Solutions, Inc.; and TransUnion, LLC,<br><br>　　　　　Defendants. | **Case no.**<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT [15 USC § 1682 et seq]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff by and through her attorney of record, and hereby files this complaint and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## II. JURISDICTION

2.1 This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under the FCRA may be brought in any appropriate United States District Court, without regard to the amount in controversy.

2.2 Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because the majority of defendants are residents of the state of California, and one Defendant, Experian Information Solutions, Inc., maintains its corporate headquarters in this judicial district. In addition, all Defendants carry out business continuously in the State of California and this judicial district. Venue is also proper to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in California within this judicial district.

### III. PARTIES

3.1 Plaintiff Carmelita Estrada (hereinafter "Plaintiff") was, at all times relevant hereto, a resident of Ontario, California. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c) of the FCRA.

3.2 Defendant Prosper Marketplace, Inc. ("Prosper") is a business entity that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 221 Main Street, Suite 300, San Francisco, CA 94105. Prosper is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

3.3 Defendant Experian Information Solutions, Inc. ("Experian") is a corporation that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA, 92626. Experian is a "consumer

reporting agency" as defined in Section 1681a(f) of the FCRA. Experian is one of the largest CRAs in the world.

3.4 Defendant TransUnion, LLC ("TransUnion") is a limited liability company that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661. TransUnion is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. TransUnion is one of the largest CRAs in the world.

## IV. FACTS

4.1 Defendant Prosper issued an account ending in 0171 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

4.2 The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

4.3 On or about September 27, 2018, Plaintiff and Phillips & Cohen Associates, Ltd., on behalf of Prosper, entered into a settlement agreement for the above referenced account. A redacted copy of the settlement agreement is attached hereto as **Exhibit A.**

4.4 Pursuant to the terms of the settlement, Plaintiff was required to make ten (10) monthly payments totaling $3,170.46 to settle and close her Prosper account. Plaintiff, via her debt settlement representative, timely made the requisite settlement payments.

4.5 However, over half a year later, Plaintiff's Prosper account continued to be negatively reported.

4.6  In particular, on a requested credit report dated April 7, 2020, Plaintiff's Prosper account was reported with a status of "CHARGE OFF," a balance of $4,755.00 and a past due balance of $4,755.00. The relevant portion of Plaintiff's credit report is attached herein as **Exhibit B.**

4.7  This trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as 'settled' with a balance of $0.00.

4.8  On or about June 17, 2020, Plaintiff, via counsel, sent a dispute letter to Defendants requesting the trade line to be corrected. A redacted copy of this dispute letter and is attached hereto as **Exhibit C.**

4.9 Therefore, Plaintiff has disputed the accuracy of the derogatory information reported by Prosper to the Consumer Reporting Agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

4.10 In July and August of 2020, Plaintiff requested an updated credit report from each Defendant credit reporting agency. The tradeline for Plaintiff's Prosper account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portions of the July and August 2020 credit reports are attached herein as **Exhibit D.**

4.11 Experian and TransUnion did not notify Prosper of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Prosper and Prosper failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

4.12 If Prosper did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Prosper account would be updated to reflect a 'settled' status with a balance of $0.00.

4.13 Prosper has promised through its subscriber agreements or contracts to accurately update accounts, but Prosper has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the

FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

4.14 Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began.

4.15 At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

4.16 At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **STATEMENT OF CLAIM**
(Fair Credit Reporting Act)

5.1 Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

5.2 Prosper is reporting inaccurate credit information concerning Plaintiff to one or more "credit reporting agencies" as defined by 15 U.S.C. § 1681a of the FCRA.

5.3 Plaintiff notified all defendants of a dispute on the Prosper account's completeness and/or accuracy, as reported.

5.4 Prosper failed to update Plaintiff's credit report and/or notify the credit bureaus that the Prosper account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

5.5  Prosper failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff or the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

5.6  Prosper failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

5.7  Experian and TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

5.8 Experian and TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

5.9 As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

5.10 As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, PLAINTIFF PRAYS that judgment be entered against Defendants as follows:

1) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4) That the Court grant such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: August 18, 2020                    Law Offices of Robert S. Gitmeid, P.C.

*/s/ Stanley R. Apps, Esq.*
Stanley R. Apps, Esq. (SBN 309425)
*Attorney for Plaintiff Carmelita Estrada*